IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

PAMELA A. JORDON, and
CHUCK JORDON,

        Plaintiffs,

v.

TRI-STATE INDUSTRIAL SUPPLY,
HANSEN & YOUNG AUCTIONEERS, and
GENERAL CASUALTY COMPANY
OF WISCONSIN,

        Defendants.

OPINION AND ORDER

11-cv-463-wmc

---

In this civil action, plaintiffs Pamela Jordon and Chuck Jordon claim that defendants Tri-State Industrial Supply, Hansen & Young Auctioneers, and General Casualty Company of Wisconsin are liable for injuries incurred by Pamela Jordon as a result of the failure of Tri-State and Hansen & Young to comply with Wisconsin's Safe-Place Statute (Wis. Stats. § 101.11). (Compl. (dkt. #10) ¶¶ 2-3.) Plaintiffs allege that this court may exercise diversity jurisdiction to decide this state statutory law matter pursuant to 28 U.S.C. § 1332(a)(1). (*Id.* at ¶ 1.) Because the allegations in the complaint are insufficient to determine whether diversity jurisdiction actually exists, plaintiffs will be given an opportunity to file a second amended complaint containing the necessary allegations to establish diversity jurisdiction.

OPINION

"Federal courts are courts of limited jurisdiction." *Int'l Union of Operating Eng'r, Local 150, AFL-CIO v. Ward*, 563 F.3d 276, 280 (7th Cir. 2009) (citation omitted).

1

Unless a complaint alleges complete diversity of citizenship among the parties and an amount in controversy exceeding $75,000, or raises a federal question, the case must be dismissed for want of jurisdiction. *Smart v. Local 702 Int'l Bhd. of Elec. Workers*, 562 F.3d 798, 802 (7th Cir. 2009). Because jurisdiction is limited, federal courts "have an independent obligation to determine whether subject-matter jurisdiction exists, even when no party challenges it." *Hertz Corp. v. Friend*, 130 S. Ct. 1181, 1193 (2010). Further, the party seeking to invoke federal jurisdiction bears the burden of establishing that jurisdiction is present. *Smart*, 562 F.3d at 802-03.

Here, plaintiffs allege in their complaint that diversity jurisdiction exists because (1) the amount in controversy exceeds $75,000 and (2) the parties are diverse. (Compl. ¶ 7.) But for the latter to be true, there must be complete diversity, meaning plaintiffs cannot be a citizen of the same state as any defendant. *Smart*, 562 F.3d at 803. Plaintiffs claim to be citizens of Minnesota. Plaintiffs assert that defendants are citizens of Wisconsin, but without sufficient allegations for the court to determine this.

A corporation is a citizen of the state in which it is incorporated and the state in which it has its principle place of business. 28 U.S.C.A. § 1332(c). It appears from the Amended Complaint (dkt. #10) and the Answers filed by defendants (dkt. ##4, 5, & 11) that Hansen & Young and General Casualty are corporations with their principle place of business in Wisconsin. Absent from the Complaint is the necessary allegation that defendants are incorporated in Wisconsin (or some state other than Minnesota).

In addition, the court is unable to discern the business structure underlying Tri-State Industrial Supply. It is possible that Tri-State is a sole proprietorship, partnership

2

or limited liability company (LLC), rather than a corporation. And since unincorporated associations, such as sole proprietorships, partnerships and LLCs, take the citizenship of each member, *Camico Mut. Ins. Co. v. Citizens Bank*, 474 F.3d 989, 992 (7th Cir. 2007), plaintiffs' complaint must allege with clarity the business structure underlying Tri-State Industrial Supply and, if that structure is indeed an unincorporated association, must allege the citizenship of each member. Plaintiffs should also be aware that if the member or members of the association are themselves a limited liability company, partnership, or other similar entity, then the citizenship of those members and partners must also be alleged as well: "the citizenship of unincorporated associations must be traced through however many layers of partners or members there may be." *Meryerson v. Harrah's E. Chi. Casino*, 299 F.3d 616, 617 (7th Cir. 2002).

Before dismissing this action for lack of subject matter jurisdiction, plaintiffs will be given leave to file within 14 days a second amended complaint which establishes subject matter jurisdiction.

ORDER

IT IS ORDERED that:

1) plaintiff shall have until November 17, 2011, to file and serve an amended complaint containing good faith allegations sufficient to establish complete diversity of citizenship for purposes of determining subject matter jurisdiction under 28 U.S.C. § 1332; and

2) failure to amend timely shall result in prompt dismissal of this matter for lack of subject matter jurisdiction.

Entered this 2nd day of November, 2011.

                      BY THE COURT:

                      /s/

                      _____
                      WILLIAM M. CONLEY
                      District Judge